John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>PRIMCOGENT SOLUTIONS LLC,<br>*a/k/a* Hercules Laser Group LLC,<br><br>DEBTOR. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 13-42368-mxm-7<br><br>Hearing Date:  July 28, 2022<br>Hearing Time: 1:30 P.M. |

# TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT AMONG AND BETWEEN THE TRUSTEE, CAROLINA CASUALTY INSURANCE COMPANY, AND SANTA BARBARA MEDICAL INNOVATIONS, LLC

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, John Dee Spicer, chapter 7 trustee in the above-captioned bankruptcy case (the **"Case"**), and files this his *Trustee's Motion for Approval of Compromise and Settlement Agreement Among and Between the Trustee, Carolina Casualty Insurance Company, and Santa Barbara Medical Innovations, LLC* (the **"Motion"**) pursuant to Bankruptcy Rules (the "**Rules**") 2002(a)(3) and 9019 and, in support thereof, would show this Court as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 over the subject matter of this proceeding.

2.  This proceeding involves the settlement and compromise of certain claims, causes of action, and assets of the bankruptcy estate and thus is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K) and (O).

## PARTIES TO THE SETTLEMENT

3.  The parties to the settlement agreement are:

    A.  John Dee Spicer, the chapter 7 trustee (the **"Trustee"**) for the bankruptcy estate (the "**Estate**") of Primcogent Solutions, LLC a/k/a Hercules Laser Group LLC, Debtor (the **"Debtor"**);

    B.  Santa Barbara Medical Innovations, LLC ("**SBMI**") in its capacity as a defendant in an adversary proceeding (the "**Adversary Proceeding**") brought against SBMI and in which Trustee is the party plaintiff; and

    C.  Carolina Casualty Insurance Company ("**Carolina Casualty**") in its capacity as insurer under a Management Liability Insurance Policy issued to SBMI.

4.  Collectively, the Trustee, SBMI and Carolina Casualty are referred to herein as the **"Settling Parties"**.

## BACKGROUND

5.  On May 20, 2013, the Debtor voluntarily filed for bankruptcy protection under chapter 11 of the United States Bankruptcy Code (the **"Code"**).

6.  On May 22, 2013, the Debtor commenced an adversary proceeding (the **"Erchonia Complaint"**) against Erchonia Corporation ("**Erchonia**").

7.   On May 24, 2013, the Debtor commenced an adversary proceeding (the **"SBMI Complaint"**) against SBMI.

8.   On November 5, 2013 (the **"Conversion Date"**), the court converted the Case to a case under chapter 7 of the Code.

9.   The Trustee was appointed the chapter 7 trustee for the Estate of the Debtor on the Conversion Date.

10.   On January 2, 2014, the Trustee filed an application to employ Standly Hamilton LLP[1] as special counsel (**"Special Counsel"**) to the Trustee to pursue the Erchonia Complaint and the SBMI Complaint (together, the "**Litigation**") on behalf of the Estate.

11.   An arbitration hearing concerning the Litigation occurred in 2016.

12.   Prior to the commencement of the arbitration hearing, the Erchonia Complaint was settled and Erchonia paid the Estate the sum of $1,2000,000.00 in exchange for the full release of all claims held by the Estate against Erchonia.

13.   The arbitration hearing was conducted as it related to the SBMI Complaint and the arbitration panel awarded a judgment (the "**Arbitration Award**") to the Trustee against SBMI in the amount of $18,301,260.00[2].

14.   In 2021, Carolina Casualty made a partial payment on the Arbitration Award in the amount of $3,452,971.06.

## SUMMARY OF SETTLEMENT AGREEMENT

15.   In summary, the Settling Parties agree that Carolina Casualty will pay the Estate the sum of $10,000,000.00[3] in full satisfaction of the claims among and between the Settling

---

[1] Now known as Hamilton Wingo, LLP.
[2] The Arbitration Award was credited with the $1,200,000.00 payment made by Erchonia leaving a balance due, without the inclusion of post-petition interest, of $17,101,260.00.
[3] The payments recovered from the defendants in the Litigation total $14,652,971.10, or approximately 80% of the Arbitration Award without considering post-judgment interest in the calculation.

**Trustee's Motion for Approval of Compromise and Settlement Agreement**                              Page 3 of 5

Parties, and that SBMI will withdraw any proof of claim filed or agrees to waive the right to file a proof of claim in the Case.

16. All interested parties are urged to read the terms and conditions of the settlement agreement (the "**Settlement Agreement**" or "**CSA**") attached hereto as Exhibit "A".

## RELIEF REQUESTED WITH SUPPORTING AUTHORITY

17. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

18. Although no specific standards for approval of a compromise and settlement are outlined in either the Code or the Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy case were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

19. The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors include: (i) the complexity and expense of the potential litigation; (ii) the delay to the administrator of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test (cumulatively, the **"Settlement Factors"**).

20. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company)*, 624 F.2d 605, 607 (5th Cir. 1980). *See also United States v. Aweco, Inc. (In re Aweco*, Inc.), 725 F. 2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

21. The Trustee believes and is of the opinion, based upon his business judgment and the best interests of the Estate, the Estate's creditors, and all parties-in-interest, that the CSA is fair

and equitable to all the parties in interest and satisfies all of the Settlement Factors and that this Court should approve the CSA.

22. The Trustee believes and is of the opinion, based upon his business judgment and the best interests of the Estate, that rejection of the CSA will lead to further expense in prosecuting the matter, delay to the administration of the Estate caused by such litigation, and uncertainty in the outcome of the litigation versus the certainty resulting from the CSA.

23. A proposed Order approving the CSA is attached hereto as Exhibit "B" and included for review and reference.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court (i) approve the CSA in all respects; (ii) authorize the Trustee to take all reasonable and necessary actions that are, in the opinion of the Trustee, reasonable and necessary to effectuate the CSA, and (iii) grant the Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ John Dee Spicer
John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202-4425
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

A separate Certificate of Service contemporaneously will be filed with this Motion.