John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE:<br><br>PRIMCOGENT SOLUTIONS LLC,<br>*a/k/a* Hercules Laser Group LLC,<br><br>DEBTOR. | §<br>§<br>§<br>§  Case No. 13-42368-mxm-7<br>§<br>§<br>§<br>§<br>§ |

# TRUSTEE'S MOTION FOR
# THIRD INTERIM DISTRIBUTION OF FUNDS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 AND A COPY SERVED UPON APPLICANT BEFORE CLOSE OF BUSINESS ON JULY 21, 2022, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD ON JULY 28, 2022 AT 1:30 PM WITH A SEPARATE NOTICE OF HEARING BEING PROVIDED TO THE RESPONDING PARTY.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

John Dee Spicer, the chapter 7 trustee (the "**Trustee**") in the above-captioned case (the "**Case**") filed by Primcogent Solutions LLC, *a/k/a* Hercules Laser Group LLC, debtor (the "**Debtor**"), hereby files his **Trustee's Motion for Third Interim Distribution of Funds** (the "**Motion**"), and would respectfully show the following:

## I. JURISDICTION AND VENUE

1. This bankruptcy court (the "**Court**") has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider this Motion. The relief requested in the Motion relates to a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the court entering a final order on the Motion.

2. The authority for the relief requested herein is 11 U.S.C. §§ 326, 327(a), 328(a), 507 and 726, and Federal Rules of Bankruptcy Procedure 2013, 2014 and 2016.

## II. BACKGROUND AND FACTUAL RECITATION

3. On May 20, 2013 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Code**"), Title 11 U.S.C.

4. On May 22, 2013, the Debtor filed a complaint against Erchonia Corporation (herein, "**Erchonia**"), Adversary No. 13-04053-mxm (the "**Erchonia Adversary**").

5. On May 24, 2013, the Debtor filed a complaint against Santa Barbara Medical Innovations, LLC (herein, "**SBMI**"), Adversary No. 13-04054-mxm (the "**SBMI Adversary**").

6. On August 12, 2013, the Debtor filed a complaint against ORIX Ventures, LLC (herein, "**ORIX**"), Adversary No. 13-04082-mxm (the "**ORIX Adversary**").

7. On November 5, 2013 (the "**Conversion Date**"), the Case was converted to a case under chapter 7 of the Code. [**DOC #204**]

8. John Dee Spicer was appointed as of the Conversion Date as the chapter 7 trustee to administer the bankruptcy estate (the "**Estate**") in the Case.

9. On or about July 10, 2014, the Trustee entered into a compromise and settlement agreement with ORIX relating to the ORIX Adversary (the "**ORIX CSA**"). [**DOC #254-5**]

10. On January 22, 2015, the court signed an order approving the ORIX CSA. [**DOC #269**]

11. The ORIX CSA establishes the ORIX secured claim in the Case at the amount of $3,250,000.00 and provides a "waterfall" distribution of any funds collected by the Trustee relating to the Estate causes of action set out in the Erchonia Adversary and the SBMI Adversary.

12. The waterfall distribution provides that any gross recovery received by the Estate from the Erchonia Adversary and the SBMI Adversary shall be paid (or, alternatively, retained by the Estate) as follows:

   a. Forty percent (40%) contingent fee shall be paid to Special Counsel (as hereinafter defined);

   b. Reimbursable expenses awarded by the court shall be paid to Special Counsel;

   c. Statutory fee[1] of Trustee (the "**Trustee Commission**") relating to the gross recovery shall be retained by the Estate;

   d. Equal division between the Estate and ORIX of the net recovery (gross recovery less a-c above) (the "**Net Recovery**") up to a Net Recovery of $2,000,000.00;

   e. 60% - 40% split between the Estate and ORIX, respectively, of a Net Recovery between $2,000,000.01 and $4,000,000.00; and

---

[1] *See* 11 U.S.C. § 326(a).

  f. 70% - 30% split between the Estate and ORIX, respectively, of a Net Recovery above $4,000,000.00[2].

13. On January 29, 2015, the court entered an order authorizing the Trustee to employ Standly Hamilton LLP[3] as special counsel (herein, "**Special Counsel**") to pursue the Estate causes of action set out in the Erchonia Adversary and the SBMI Adversary. [**DOC #271**]

14. On or about November 30, 2016, the Trustee and Erchonia signed a compromise and settlement agreement relating to a settlement of the Erchonia Adversary (the "**Erchonia CSA**"). [**DOC #287-2**]

15. The Erchonia CSA was approved by the Court on January 6, 2017 [**DOC #301**].

16. Under the Erchonia CSA, Erchonia paid the Estate the sum of $1,200,000.00 (the "**Erchonia Gross Recovery**") in full satisfaction of the Estate causes of action set out in the Erchonia Adversary.

17. On December 29, 2016, Special Counsel filed an application to have its fees and expenses allowed in the amount of $908,840.95 relating to the Erchonia Gross Recovery; such amount consisting of $480,000.00 in fees ($1,200,000.00 x 40%) and $428,840.95 in expenses incurred pursuing the Estate causes of action set out in the Erchonia Adversary and the SBMI Adversary (the "**Special Counsel First Fee Application**") [**DOC #298**].

18. The Special Counsel First Fee Application was approved by the Court on February 3, 2017 [**DOC #307**].

19. The Trustee previously filed a Motion to Distribute Settlement Funds (the "**First Interim Distribution**") [**DOC #295**] requesting Court approval to disperse a portion of the Erchonia Gross Recovery.

---

[2] Limited to the full payment of the ORIX secured claim in the amount of $3,250,000.00.
[3] Now known as Hamilton Wingo, LLP.

20. The First Interim Distribution was approved by the Court on January 26, 2017 [**DOC #305**].

21. The Trustee made the following disbursements to applicable parties in interest under the First Interim Distribution:

   a. Paid Special Counsel a contingent fee in the amount of $480,000.00;

   b. Paid Special Counsel expenses in the amount of $428,840.95;

   c. Paid ORIX on its secured claim, as calculated pursuant to the ORIX CSA, in the amount of $115,954.53; and

   d. Paid the Trustee a commission in the amount of $53,993.86.

22. The Trustee litigated the SBMI Adversary before an arbitration panel (the "**Arbitration Panel**").

23. The Arbitration Panel awarded the Estate a judgment in the amount of $18,301,260.00[4] (the "**SBMI Judgment**") relating to the SBMI Adversary.

24. A partial payment in the amount of $3,452,971.06 was paid on October 20, 2021 on the SBMI Judgment (the "**SBMI Judgment Partial Payment**").

25. Special Counsel filed its Second Interim Fee Application ("**Special Counsel Second Fee Application**") for the payment of fees and expenses relating to the SBMI Judgment Partial Payment [**DOC #359**] requesting compensation and expense reimbursement as follows: $1,381,188.42[5] as a contingent fee on the SBMI Judgment Partial Payment; and $83,280.59 as an expense reimbursement.

---

[4] The SBMI Judgment is credited with the $1,200,000.00 settlement payment received relating to the Erchonia CSA leaving a balance due, exclusive of post-judgment interest, of $17,101,260.00.
[5] $3,452,971.06 x 40%.

26. Tanner Bishop ("**Bishop**")[6], an attorney licensed to practice in Florida, also has been employed as special counsel by the Trustee [**DOC ##313 and 321**] to assist with litigation in Florida. Special Counsel has been paying Bishop his fees on an hourly basis, plus applicable expenses, and the employment order for Bishop provides that the Estate is not liable for such fees unless a recovery is made on the SBMI Judgment. Therefore, pursuant to the receipt by the Trustee of the SBMI Judgment Partial Payment, the Trustee obtained court authorization to reimburse the fees and expenses Special Counsel previously paid to Bishop.

27. In this regard, a First Interim Fee Application (the "**Bishop First Fee Application**") was filed on behalf of Bishop requesting compensation and expenses (and therefore reimbursement to Special Counsel) in the amount of $298,345.30 [**DOC ##362**].

28. The Special Counsel Second Fee Application and the Bishop First Fee Application were approved by the Court on November 19, 2021 [**DOC #365**] and November 23, 2021 [**DOC #367**], respectively.

29. The Trustee previously filed a Motion for Second Interim Distribution of Funds (the "**Second Interim Distribution**") [**DOC #360**] requesting Court approval to disperse a portion of the SBMI Judgment Partial Payment.

30. The Second Interim Distribution was approved by the Court on November 24, 2021 [**DOC #369**].

31. The Trustee made the following disbursements to applicable parties in interest under the Second Interim Distribution:

   a. Paid Special Counsel a contingent fee in the amount of $1,381,188.42 [**DOC #359**];

---

[6] Also known as Bishop & Co.

    b. Paid Special Counsel expenses, including the amounts approved in the Bishop First Fee Application, in the amount of $381,625.89 [**DOC ##359 and 367**];

    c. Paid ORIX on its secured claim, as calculated pursuant to the ORIX CSA, in the amount of $791,103.74;

    d. Paid Chapter 11 administrative claims[7] in the amount of $782,925.81; and

    e. Paid Chapter 7 administrative claims[8] in the amount of $111,952.37.

### III. PENDING SETTLEMENT

32. Currently, the Trustee and the remaining defendants have reached a settlement, pending approval by the Court (the "**Pending Settlement**"), of the amounts due under the SBMI Judgment.

33. The Pending Settlement provides for a $10,000,00.00[9] payment to the Trustee on behalf of the Estate resulting in a full release of all parties; a motion to approve the Pending Settlement has been filed with the Court [**DOC #372**].

34. This Motion sets forth the Trustee's request to make certain distributions from the Pending Settlement if the Pending Settlement and this Motion are approved by the Court.

### IV. REQUESTED RELIEF

35. The Trustee requests that the Estate be allowed to make the following distributions, and/or retain the following funds, from the Pending Settlement:

    a. $4,000,000.00[10] distribution to Special Counsel for its contingent fee;

    b. $9,798.43[11] distribution to Special Counsel for its expenses;

---

[7] Attorney for the Debtor in Possession and attorney for the Committee of Unsecured Creditors.
[8] United States Trustee Fee and partial statutory commission to Trustee.
[9] The SBMI Judgment is credited with the $1,200,000.00 settlement payment received relating to the Erchonia CSA and the SBMI Judgment Partial Payment in the amount of $3,452,971.06 leaving a balance due, exclusive of post-judgment interest, of $13,648,288.90.
[10] $10,000,000.00 x 40%, or an amount approved by the court after notice and hearing, as necessary, relating to the Special Counsel Third Interim Fee Application (such application has been filed or will be filed shortly by Special Counsel).

    c. $50,234.57[12] distribution to Special Counsel as a reimbursement for the fees and expenses paid to Bishop set forth in Bishop Second Fee Application;

    d. $300,000.00[13] retention by the Estate for the Trustee Commission.

36. Based on 35 above, the net recovery realized by the Estate from the Pending Settlement is $5,639,967.00[14] (the "**Pending Settlement Net Recovery**").

37. The Trustee requests that the Estate be allowed to make the following distributions, and/or retain the following funds, from the Settlement Net Recovery:

    a. $1,929,166.80[15] to ORIX under the ORIX CSA[16] (*50% of the Pending Settlement Net Recovery x $185,883.48[17] + 40% of the Pending Settlement Net Recovery x $2,000,000.00[18] + 30% of the Pending Settlement Net Recovery x $3,454,083.52[19], up to the amount of the ORIX secured claim in the amount of $3,250,000.00*); and

    b. $3,710,800.20 to be retained by the Estate under the ORIX CSA (*50% of the Pending Settlement Net Recovery x $185,883.48 + 60% of the Pending Settlement Net Recovery x $2,000,000.00 + 70% of the Pending Settlement Net Recovery x $3,454,083.52*).

---

[11] Or an amount approved by the court after notice and hearing, as necessary, relating to the Special Counsel Second Interim Fee Application (such application has been filed or will be filed shortly by Special Counsel).

[12] Or an amount approved by the court after notice and hearing, as necessary, relating to the filing of a second Bishop fee application (the "**Bishop Second Fee Application**") (such application has been filed or will be filed shortly by Special Counsel).

[13] $10,000,000.00 x 3%.

[14] $10,000,000.00 – ($4,000,000.00 + $9,798.43 + $50,234.57 + $300,000.00) = $5,639,967.00.

[15] $92,941.74 + $800,000.00 + $1,036,225.06 = $1,929,166.80. [*see* FN ##16-19]

[16] To date, the combined net recovery under the ORIX CSA prior to the Pending Settlement is $231,909.05 [**DOC #295 (Page 4)**] + $1,582,207.47 [**DOC #360 (Page 6)**] = $1,814,116.52. Therefore, the 50% - 50% split with ORIX under the ORIX CSA remains applicable up to a net recovery of $2,000,000.00.

[17] $2,000,000.00 - $1,814,116.52 = $185,883.48. $185,883.48 x 50% = $92,941.74.

[18] Net recovery between $2,000,000.00 and $4,000,000.00. $2,000,000.00 x 40% = $800,000.00.

[19] Net recovery exceeding $4,000,000.00. [($1,814,116.52 + $5,639,967.00) - $4,000,000.00] x 30% = $1,036,225.06.

## V.  SUMMARY OF DISTRIBUTIONS

38. The following is a summary of the payments ("**Interim Distributions**") requested in this Motion:

    a. Special Counsel Fees -- $4,000,000.00;

    b. Special Counsel Expenses -- $9,798.43;

    c. Bishop Expense Reimbursement -- $50,234.57;

    d. ORIX Secured Claim -- $1,929,166.80

        i. SUBTOTAL DISTRIBUTIONS    $5,989,199.80

    e. Trustee's Commission[20] -- $179,676.00

        i. TOTAL DISTRIBUTIONS    $6,168,875.80

39. After the payment of the Interim Distributions, the Trustee will have a remaining balance on hand in the Estate bank account of approximately $3,873,000.00[21].

40. The Trustee will object, as necessary and warranted, to proofs of claim on file, and proceed to submitting a final report (relating to the payment of allowed claims in the Case) to the United States Trustee for review, approval and filing in the Case.

## VI.  PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) allowing the Trustee to pay from the Pending Settlement Payment the fees and expenses of Special Counsel and Bishop, and to retain the amount of the Trustee Commission; (ii) allowing the Trustee to pay from the Settlement Net Recovery the applicable amount due ORIX under the ORIX CSA; (iii) allow the Trustee to pay the Trustee's statutory commission on distributions allowed herein; and (iv) granting such other and further relief to the Trustee as is just and proper.

---

[20] Subtotal Distributions of $5,989,199.80 x 3%.
[21] The Estate currently has funds on hand of approximately $42,000.00 (prior to the payment of the $10,000,000.00 Pending Settlement).

Respectfully submitted,

/s/ John Dee Spicer
John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202-4425
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

A separate Certificate of Service contemporaneously will be filed with this Motion.